**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOYLE DOLEN LANCASTER, | No. 11-16203 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00284-JCM-RAM |
| v. | |
| CITY OF RENO, NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Doyle Dolen Lancaster, a Nevada state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants at

the City of Reno police department, the Washoe County jail, and the Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Department of Corrections violated his constitutional rights and failed to provide reasonable accommodation for his disabilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed as time-barred the claims against the City of Reno and Washoe County defendants because all of the actions or omissions attributed to these defendants occurred more than two years prior to the filing of the complaint. *See* Nev. Rev. Stat. § 11.190(4)(e) (two-year statute of limitations for personal injury claims); *Douglas*, 567 F.3d at 1109 (§ 1983 actions governed by forum state personal injury statute of limitations); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (state personal injury statute of limitations applies to Americans with Disabilities Act claims); *see also Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000) ("[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (internal citation omitted)).

Dismissal of Lancaster's claims against defendants Skolnick, Helling, and Benedetti was proper because Lancaster failed to allege facts sufficient to show a specific policy or practice that was a "moving force" behind any specific instance

of deliberate indifference and, thus, failed to state a claim against them. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (to state an official capacity claim, plaintiff must show that a specific policy or custom was the "moving force" behind unconstitutional conduct); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The district court did not abuse its discretion in denying the motion to alter or amend the judgment and for reconsideration because Lancaster failed to provide or allege new law, facts, or evidence indicating that reconsideration was warranted. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Lancaster's remaining contentions, including those concerning tolling, are unpersuasive.

**AFFIRMED.**