FILED

**NOT FOR PUBLICATION**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE QUINONEZ, | No. 12-56273 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02881-R-VBK |
| v. | |
| WELLS FARGO BANK, NA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Alice Quinonez appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims relating to her mortgage and the

foreclosure of her property.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal for failure to state a claim under Federal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

Although the district court properly dismissed Quinonez's complaint because Quinonez's claims were time barred or failed to allege facts sufficient to state a claim, the district court abused its discretion by providing "no explanation for dismissing with prejudice, despite the fact that the operative complaint was the first and only complaint filed by [Quinonez], who was proceeding pro se." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Moreover, it is not absolutely clear that the timeliness deficiencies in Quinonez's claims could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, we vacate and remand for the district court to permit Quinonez to file an amended complaint.

The district court did not abuse its discretion in denying Quinonez's Rule 60(b) motion because Quinonez did not demonstrate any grounds warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth grounds for relief from judgment).

We reject Quinonez's argument that defendants committed fraud on the court or failed to answer the complaint in a timely manner.

The parties' requests for judicial notice, filed on January 30, 2013 and June 5, 2013, are denied as unnecessary.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**