**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ME RENEE LLC, a California limited liability company, <br><br>                Plaintiff-Appellant, <br><br>     v. <br><br> ELITE WORLD, S.A., a Luxembourg company; ELITE LICENSING COMPANY, S.A., a Swiss company; ELITE MODEL MANAGEMENT, S.A.R.L., a French company; S.M.S. FINANCE, S.A., a Luxembourg company; PACIFIC GLOBAL MANAGEMENT, S.A.R.L., a Luxembourg company; PACIFIC CAPITAL, S.A.R.L., a Luxembourg company, <br><br>                Defendants-Appellees. | No.   15-55182 <br><br> DC No. CV 14-03299 R <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 9, 2016
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA and PAEZ, Circuit Judges, and FRIEDMAN,[**] District Judge.

Me Renee appeals the dismissal of its breach of contract claim against Elite Licensing Company, S.A. ("Elite"), as well as the dismissal with prejudice of its fraud claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

Elite is in the business of licensing the "Elite" trademarks for use in high-fashion modeling and related goods and services. As part of a settlement, Elite entered into a license agreement with LHG which "grants to LHG the right to act as a so-called 'Master Licensee' of the trademarks registered by Elite solely for the purpose of sub-licensing to third parties the right to create, open and operate Elite Fashion Academies . . . ."

On October 12, 2010, the principals of LHG purportedly assigned all of their rights in the license agreement with Elite to Me Renee, a company owned by Renee Esebag. Neither LHG nor Me Renee informed Elite of the assignment or sought its consent.

---

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Me Renee scouted several potential sublicensees to open Elite Fashion Academies around the world, and submitted these proposed sublicenses to Elite for approval. In her communications with Elite, Ms. Esebag initially represented herself as an employee of LHG. Ms. Esebag apparently did not begin to sign her correspondence as coming exclusively from Me Renee until early in 2012.

Elite rejected all sublicensees proposed by Me Renee. On October 23, 2013, Me Renee filed a complaint against Elite and several related companies in California state court, alleging breach of contract, breach of the covenant of good faith and fair dealing, and fraud based on Elite's continued rejection of Me Renee's proposed sublicensees. Before any of the defendants appeared, Me Renee amended its complaint to add two new defendants. The First Amended Complaint alleges the same claims as the original complaint.

The defendants removed the case to federal court. The district court dismissed the claims against all defendants, except Elite, for lack of personal jurisdiction.[1] The district court also dismissed Me Renee's claims for breach of the covenant of good faith and fair dealing, and fraud as against Elite. The fraud claim was dismissed with prejudice for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The district court then

---

[1] That ruling has not been appealed.

granted summary judgment to Elite on the remaining breach of contract claim on the ground that the license agreement is a trademark license; therefore, it could not be assigned without Elite's consent.

1.      It is well established that a trademark license cannot be assigned without the consent of the owner of the mark. *See, e.g.*, *In re N.C.P. Mkt'g Grp., Inc.*, 337 B.R. 230, 237 (Bankr. D. Nev. 2005), *aff'd*, 279 Fed. App'x 561 (9th Cir. 2008); 3 McCarthy on Trademarks and Unfair Competition § 18.43. The agreement between Elite and LGH is a trademark license agreement. It grants the "licensor" the right to sublicense trademarks to third parties. A license is required to sublicense a trademark. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 995 (9th Cir. 2006); 3 McCarthy on Trademarks and Unfair Competition § 18.43. Because Elite never consented to the assignment of the license agreement to Me Renee, the purported assignment is invalid. As Me Renee had no valid interest under the agreement, the district court properly granted summary judgment to Elite on Me Renee's breach of contract claim.

2.      Me Renee contends further that Elite effectively consented to the assignment through some combination of estoppel and waiver. The evidence in the record does not support either theory. A showing of knowledge of the assignment by Elite is an essential element of both waiver and estoppel. Although there are

4

scattered references to Me Renee in the record, these are insufficient to show that Elite knew about the purported assignment.

**3.** Finally, Me Renee contends that the district court erred in dismissing its fraud claim without leave to amend. "[D]ismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* (internal quotation marks omitted). Although Me Renee already had amended its complaint once, that was before the case was removed to federal court and it has not had the opportunity to amend its fraud claim under the Federal Rules.[2] Under our precedent, the district court is required to offer some reason or explanation why amendment would be futile. *See Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) ("A simple denial of leave to amend without any explanation . . . is subject to reversal." (citation and internal quotation marks omitted)). Here, the district court offered no germane reason.

On remand, the district court shall grant Me Renee leave to amend its fraud claim to comply with Rule 9(b).

---

[2] At oral argument, counsel for Me Renee represented that it was able to amend its fraud claim to comply with Rule 9(b).

5

• ● •

For the foregoing reasons, the judgment of the district court is **AFFIRMED in part, REVERSED in part, and REMANDED** for further  proceedings consistent with this disposition.  Each party shall bear its own costs on appeal.