**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ULTRASYSTEMS ENVIRONMENTAL, INC., | No. 15-55215 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-08787 (DDP) |
| v. | MEMORANDUM[*] |
| STV, Inc., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before: REINHARDT and PAEZ, Circuit Judges, and FRIEDMAN,[**] District Judge.

Plaintiff-Appellant Ultrasystems Environmental, Inc. ("UEI") appeals the

district court's decision dismissing its complaint against Defendant-Appellee STV,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Inc. ("STV") in its entirety. We have jurisdiction under 28 U.S.C. § 1291. On appeal, we affirm the dismissal of UEI's complaint.

As the parties are familiar with the facts, we recount them only briefly here. In January of 2007, the California High Speed Rail Authority ("CHSRA") entered into a consulting contract (the "prime contract") with STV for STV to perform "preliminary engineering and project-specific environmental work" for the Los Angeles segment of the proposed rail project. The prime contract makes CHSRA's payment obligations subject to the California Prompt Payment Act, which, inter alia, requires "state agencies" to "pay properly submitted, undisputed invoices . . . within 45 days of receipt or notification thereof, or automatically calculate and pay the appropriate late payment penalties." CAL. GOV'T CODE § 927(b) ("Section 927").

In February of 2007, STV formally entered into a subcontract with UEI for UEI to prepare environmental impact statements for the rail project in the Los Angeles area. The subcontract states that "[a] copy of the Prime Agreement, including [UEI's] responsibilities and timing of services hereunder, is incorporated by reference into this Agreement as Exhibit A." The subcontract required STV to pay UEI "within fifteen (15) business days following receipt of payment from [CHSRA] of STV's invoice that includes the invoice from [UEI]." From 2007

2

until November 2009, UEI performed approximately $4.5 million worth of work under the subcontract.

In its First Amended Complaint, UEI alleged that "STV breached its Agreement [] by failing to promptly pay undisputed UEI invoices within 45 days of STV's receipt of payment from CHSRA for work performed by UEI," and "STV is therefore obligated to pay [UEI] penalties for said late payments to the same extent and in the same manner that late payments would be calculated pursuant to" Section 927. STV moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the plain language of Section 927 makes it applicable only to "state agencies" and not contractors like itself. In UEI's opposition to the motion to dismiss, it argued that it "should be given leave to file a Second Amended Complaint to assert" a claim that STV had "an implied duty of good faith and fair dealing . . . to collect prompt payment penalties [from CHSRA] and pay [UEI a] pro rata share" of those penalties.

The district court agreed with STV that the plain meaning of Section 927 imposes no obligations on STV, dismissed UEI's complaint in its entirety with prejudice, and denied UEI the opportunity to amend its complaint because it concluded it would be futile to permit amendment to add a claim of breach of an implied warranty of good faith and fair dealing. On appeal, UEI contends that the

3

district court erred in dismissing its contract claims and denying it leave to amend its complaint.

We review de novo the grant of a motion to dismiss. Schueneman v. Arena Pharm., Inc., 840 F.3d 698, 704 n.5 (9th Cir. 2016). We review the denial of leave to amend for an abuse of discretion, United States v. ex rel. Lee v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011), but review the question of futility of amendment de novo, Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010). In other words, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004).

1. Following full briefing in this Court, STV filed an "objection and motion to strike" the portion of UEI's reply brief that raised the "false and new claim that STV was paid prompt payment penalties on account of UEI." STV's motion to strike lacks merit. It is not clear what STV is referring to when it discusses "prompt payment penalties on account of UEI" because neither party alleges that UEI caused CHSRA to pay late payment penalties to STV. Nonetheless, UEI's argument is not new. UEI argued in its opposition to STV's motion to dismiss in the district court that if CHSRA paid STV late payment penalties, STV must "share

4

[them] pro rata" with UEI based on "equitabl[e]" principles and the "implied duty of good faith and fair dealing." We therefore deny STV's motion to strike.

2. Section 927 states that "[i]t is the intent of the Legislature that state agencies pay properly submitted, undisputed invoices, refunds, or other undisputed payments due to individuals within 45 days of receipt or notification thereof, or automatically calculate and pay the appropriate late payment penalties as specified in this chapter." CAL. GOV'T CODE § 927(b) (emphasis added). The statute further specifies that, "[n]otwithstanding any other provision of law, this chapter shall apply to all state agencies . . . ." Id. at § 927(c) (emphasis added). The district court correctly interpreted Section 927 to not impose obligations on entities other than "state agencies," and thus correctly concluded that UEI failed to plead that STV violated the subcontract.

The district court in this case was the first state or federal court ever to interpret Section 927. "When a state's highest court has not yet ruled on an issue, we must reasonably determine the result that the highest state court would reach if it were deciding the case." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 649 (9th Cir. 2016). "When addressing questions of statutory interpretation under California law, we '[must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.'" Id. (quoting People v. Coronado, 906 P.2d

5

1232, 1234 (Cal. 1995)). "The California Supreme Court first looks to the language of the statute, giving effect to the words' plain meaning; '[i]f the language is unambiguous, the plain meaning controls.'" Id. (quoting Voices of the Wetlands v. State Water Res. Control Bd., 257 P.3d 81, 93 (Cal. 2011)).

Section 927 requires "state agencies" to "pay properly submitted, undisputed invoices . . . within 45 days of receipt or notification thereof, or automatically calculate and pay the appropriate late payment penalties[.]" CAL. GOV'T CODE § 927(b). Section 927 does not define the term "state agencies," see CAL. GOV'T CODE § 927.2, but "[t]he Legislature [] is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction." People v. Harrison, 768 P.2d 1078, 1081-82 (Cal. 1989) (internal citations omitted); see also Los Angeles Cty. Dependency Attorneys, Inc. v. Dep't of Gen. Servs., 73 Cal. Rptr. 3d 817, 822-23 (Cal. Ct. App. 2008) (analyzing statute that uses but does not define the term "state agency" and finding that the legislature used the term with an "aware[ness]" of other statutes defining the term).

California has myriad statutes relating to contracting with "state agencies,"

6

see generally CAL. PUB. CONT. CODE §§ 10100-10285 (provisions of the "State Contract Act"), and its legislature has consistently defined the term "state agency" as "every state office, officer, department, division, bureau, board, and commission," or a variation thereof. CAL. GOV'T CODE § 11000 (providing for the organization of the California state government); CAL. GOV'T CODE § 6252(f)(1) (same definition under the California Public Records Act); see also CAL. GOV'T CODE § 65934 ("'State agency' means any agency, board, or commission of state government."); CAL. GOV'T CODE § 8869.82(a)(10) ("'State agency' means the state and all state entities[.]").

Against this extensive background, we presume that the California legislature was aware of the plain meaning of the term "state agencies" when it enacted Section 927 and intended that meaning to control. The unambiguous plain meaning of the term "state agencies" does not include entirely private companies such as STV that contract with "state agencies," and the statute therefore does not impose upon private contractors the obligation to pay subcontractors late payment penalties.

The text of Section 927.10 of the California Prompt Payment Act confirms this plain language interpretation. That subsection states that "[s]tate agencies shall encourage claimants to promptly pay their subcontractors and suppliers . . . ."

7

CAL. GOV'T CODE § 927.10 (emphasis added). The legislature's decision in this provision to distinguish "[s]tate agencies" from claimants (contractors) and subcontractors suggests that the legislature never intended the term "state agencies" to include private contractors or subcontractors. It is also telling that Section 927.10 empowers "[s]tate agencies" to merely "encourage" state contractors "to promptly pay their subcontractors and suppliers"; it does not mandate them to do so. Cf. Am. Acad. of Pediatrics v. Lungren, 940 P.2d 797, 884-85 (Cal. 1997) ("Assembly Bill 2274 encourages but does not mandate that an unemancipated minor consult her parents prior to obtaining an abortion."). Section 927.10 therefore compels the conclusion that Section 927's substantive timing and late payment penalty provisions do not impose obligations on contractors like STV. The district court properly dismissed UEI's contract claims.

Because Section 927's plain language makes it inapplicable to the subcontract, we need not consider appellant's argument that the statute can "fill in" for portions of the subcontract that UEI alleges are ambiguous or unenforceable. Nor do we consider the legislative history of Section 927 because, "[i]f the statute's text evinces an unmistakable plain meaning, we need go no further." Pac. Palisades Bowl Mobile Estates, LLC v. City of Los Angeles, 288 P.3d 717, 727 (Cal. 2012) (internal quotation marks omitted). Finally, we decline UEI's

invitation to certify the question of Section 927's application here to the California Supreme Court because it is one of straightforward plain language interpretation.

3. The district court correctly denied as futile UEI's request for leave to amend the complaint to add a claim of breach of the implied duty of good faith and fair dealing. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires," at least "in the absence of . . . undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . . , futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (emphasis and internal quotation marks omitted). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Under California contract law, "[t]he covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. The covenant thus cannot be endowed with an existence

9

independent of its contractual underpinnings.  It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089, 1110 (Cal. 2000) (internal citations and quotation marks omitted).  Here, the subcontract lacks any language concerning late payment penalties.  While it incorporates the prime contract and thereby Section 927, the timing and late payment penalty provisions therein do not apply to STV.  UEI's failure to negotiate for terms obligating STV to seek late payment penalties from CHSRA is fatal to its proposed covenant of good faith and fair dealing claim.

In its reply brief on appeal, UEI suggests for the first time that the district court erred in finding amendment futile because it could also assert:  (1) a statutory unfair competition claim under California law, see CAL. BUS. & PROF. CODE § 17200, and (2) a common law claim under California law for money had and received.  "This argument was not adequately raised before the district court and is therefore waived."  Morris v. Ernst & Young, LLP, 834 F.3d 975, 984 n.6 (9th Cir. 2016).  We therefore affirm the district court's denial of leave for UEI to amend its complaint because the proposed amendment is futile.

**AFFIRMED**.

10