**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STARLIGHT CINEMAS,

                    Plaintiff - Appellant,

v.

REGAL ENTERTAINMENT GROUP,

                    Defendant - Appellee.

No. 15-55217

D.C. No. 2:14-cv-05463-R-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 7, 2016[**]
Pasadena, California

Before:  O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

    Plaintiff-Appellant Starlight Cinemas (Starlight) appeals the district court's

dismissal under Fed. R. Civ. P. 12(b)(6) and denial of leave to amend.  Starlight

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

filed a complaint alleging that Regal Entertainment Group (Regal) violated the Cartwright Act, Cal. Bus. & Prof. Code § 16720, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and interfered with a prospective economic advantage.

The district court's original dismissal of Starlight's complaint without leave to amend was an abuse of discretion because the district court provided no justification for its decision not to allow leave to amend. "A simple denial of leave to amend without any explanation by the district court is subject to reversal. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citations omitted).

The district court cured its error, however, when it explained in its subsequent dismissal why Starlight's first amended complaint and any future amendments would be futile. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("[T]he general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise

2

in futility or where the amended complaint would also be subject to dismissal. . . .") (citation, alteration, and internal quotation marks omitted).

As this Court has long held, antitrust laws, including California's Cartwright Act, are about "the protection of *competition*, not *competitors*." *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1112 (9th Cir. 2013) (emphases in the original). Starlight failed to assert injury to competition in either of its complaints. Instead, Starlight alleged that Regal used its position as a large national exhibitor to secure clearance deals for "blockbuster" first-run films, leaving Starlight with weaker performing first-run films. However, "an efficient, vigorous, aggressive competitor is not the villain antitrust laws are aimed at eliminating. Fostering an environment where businesses fight it out using the weapon of efficiency and consumer goodwill is what the antitrust laws are meant to champion." *United States v. Syufy Enters.*, 903 F.2d 659, 669 (9th Cir. 1990).

Starlight also failed to assert sufficient specifics to support its allegations of conspiracy. "[T]o allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a specific time, place, or person involved in the alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin. A bare allegation of a conspiracy is almost impossible to defend against, particularly where the defendants are large

3

institutions with hundreds of employees entering into contracts and agreements daily." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (citations and internal quotation marks omitted). Without these essential facts, Starlight cannot state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

Starlight's other allegations are predicated upon its Cartwright Act claim. *See City of San Jose v. Office of the Comm'r of Baseball*, 776 F.3d 686, 691-92 (9th Cir. 2015); *see also CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107, 1110 (9th Cir. 2007). Because we conclude that the district court properly dismissed the Cartwright claim, Starlight's derivative claims necessarily fail. *See id.*

**AFFIRMED.**