NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN ALEXIS, AKA Blagoy Petrov Alexiev,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION, The United States, official capacity; et al.,<br><br>    Defendants-Appellees. | No. 15-55688<br><br>D.C. No. 2:14-cv-09054-ODW-SH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 27, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Brian Alexis, AKA Blagoy Petrov Alexiev, appeals pro se from the district

court's judgment dismissing his action alleging federal and state law claims arising

from defendants' alleged failure to investigate and prosecute an attempted murder.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of the statute of limitations.  *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004).  We affirm.

The district court properly dismissed Alexis' action as time-barred because the statute of limitations defense for his claims appears on the face of his complaint.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing that the statute was tolled); *see also Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015) (California's three-year statute of limitations for actions based upon liabilities created by statute applies to claims under Title II of the Americans with Disabilities Act); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (stating that California's two-year statute of limitations for personal injury actions applies to § 1983 claim, and claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (forum state's statute of limitations for personal injury actions applies to *Bivens* claim).

**AFFIRMED.**