**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICK PARSITTIE,

            Plaintiff-Appellant,

  v.

SCHNEIDER LOGISTICS, INC.;
SCHNEIDER LOGISTICS
TRANSPORTATION, INC.;
SCHNEIDER LOGISTICS TRANS-
LOADING AND DISTRIBUTION, INC.,

            Defendants-Appellees,

 and

CONNECT STAFFING, INC.,

            Defendant.

No.   20-55470

D.C. No.
2:19-cv-03981-MWF-AFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 14, 2021
Pasadena, California

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BERZON and BYBEE, Circuit Judges, and CARDONE,[**] District Judge. Partial Dissent by Judge BYBEE

Rick Parsittie appeals the district court's order dismissing his putative wage-and-hour class action against his former employer, Schneider Logistics, Inc., without leave to amend. The district court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo and its decision to strike under Rule 12(f) for abuse of discretion. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). We affirm in part, reverse in part, and remand.

**1.** The district court abused its discretion by striking Parsittie's putative class definition without leave to amend. "[D]ismissal with prejudice constitutes an abuse of discretion where the district court fails to make a determination 'that the pleading *could not possibly* be cured by the allegation of other facts.'" *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). The district court did not evaluate the factors set out in *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Eminence Capital, LLC v. Aspeon,*

---

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

*Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Nor did it find that the class definition "could not possibly" be cured by amendment. *Sharkey*, 778 F.3d at 774 (emphasis omitted). Moreover, although the language could have been more precise, the complaint, fairly read, alleges that Parsittie's proposed class definition includes employees who are employed by staffing agencies acting as joint employers with the defendant. Furthermore, Parsittie's single failure to cure defects in the class definition does not constitute "repeated failure to cure deficiencies." *Foman*, 371 U.S. at 182. Given the plausible reading of the complaint, the failure to find futility, and the procedural history, Parsittie should at least have been granted leave to amend to allege the class definition more precisely. We therefore remand with instructions to allow Parsittie an opportunity to amend his class definition to comply with the district court's prior guidance.

**2.** Parsittie stated a claim for minimum-wage and overtime violations. California employers must pay employees a minimum wage for all hours worked. *Frlekin v. Apple Inc.*, 457 P.3d 526, 531 (Cal. 2020). If a non-exempt employee works more than eight hours in a day or forty hours in a week, the employer must pay the applicable overtime rate. Cal. Lab. Code § 510(a). Here, Parsittie alleged sixty-five days where waiting in Schneider's security lines added up to fifteen minutes to his "typical[]" eight-hour workday—time for which Parsittie was not

3

compensated. Drawing all reasonable inferences in Parsittie's favor, *see Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), he has sufficiently alleged that time spent waiting in line was compensable, *cf. Frlekin*, 457 P.3d at 538, and that the additional time caused him to work uncompensated overtime hours.

**3.**     Parsittie stated a claim for meal- and rest-break violations under California Labor Code § 226.7(b). An employer may not dictate the way employees spend their breaks or discourage them from taking the full statutorily protected time. *See Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 826 (Cal. 2016) (citing *Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 535–36 (Cal. 2012)). Parsittie alleged sixty-five days in which Schneider's security screenings either discouraged him from leaving the facility during his meal break or caused him to sacrifice a portion of his break to leave. Those allegations are sufficient to state a claim for break-time violations.

Parsittie also alleged that Schneider discouraged him from taking breaks by assigning more work than he could complete in an eight-hour shift. An employer may not "pressur[e] employees to perform their duties in ways that omit breaks." *Brinker*, 273 P.3d at 536. Here, Parsittie alleged that Schneider's productivity requirements caused employees to "work through their meal [and rest] periods in

4

order to complete their assignments on time." We therefore remand Parsittie's meal- and rest-break claims insofar as they arise out of Schneider's security-screening policy and productivity requirements.

4.     The district court properly dismissed Parsittie's wage-statement claim under California Labor Code § 226(a). Assuming Parsittie has not waived this argument, he failed to plead that Schneider's failure to provide accurate wage statements was knowing and intentional. *See* Cal. Lab. Code § 226(e)(1).

5.     Parsittie waived his challenge to the district court's dismissal of his final-wage claim under California Labor Code § 203 by failing to raise it in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Parsittie's sole argument on appeal is that this claim is no longer derivative of failed wage-and-hour claims. Though true, Parsittie has not challenged the district court's alternative holding that he failed to allege facts regarding the deficiencies in his final pay statement. We affirm the district court's dismissal of Parsittie's final-wage claim.

6.     The district court's dismissal of Parsittie's unfair competition claim (UCL claim) and his Private Attorneys General Act claim (PAGA claim) are no longer valid in light of this remand. The district court's sole reason for dismissing those claims was that they were derivative of his wage-and-hour claims, which it found

insufficiently pleaded. Having remanded Parsittie's wage-and-hour claims, his UCL and PAGA claims are no longer derivative of failed claims and are also remanded for further proceedings.

**7.** The district court correctly dismissed Parsittie's liability-sharing claim. California Labor Code § 2810.3(b) imposes shared liability for wage-and-hour violations between a "client employer" and a "labor contractor." A "[c]lient employer" is a "business entity . . . that obtains or is provided workers to perform labor within its usual course of business." *Id.* § 2810.3(a)(1)(A). A "[l]abor contractor" is the entity "that supplies . . . a client employer with workers to perform labor within the client employer's usual course of business." *Id.* § 2810.3(a)(3). Parsittie's complaint did not identify any labor contractor with whom Schneider should share liability or allege that a labor contractor provided Schneider with employees at all. The complaint also did not allege that Parsittie provided Schneider with adequate notice of his shared liability claims, as required by § 2810.3(d). As elements essential to the claim were not alleged, we affirm the district court's dismissal of Parsittie's liability-sharing claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.** The parties shall bear their own costs.

6

*Parsittie v. Schneider Logistics, Inc. et al.*, No. 20-55470

BYBEE, Circuit Judge, dissenting in part:

I write separately because I am not persuaded that the district court abused its discretion by striking Parsittie's class definition without leave to amend. In my view, the district court's decision to deny leave to amend after Parsittie failed to cure the defects in his first opportunity to amend is exactly the type of decision that falls within the trial court's discretion "to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (citation omitted). Where, as here, the plaintiff had prior opportunities to remedy pleading defects, we have held that the district court's discretion to grant or deny leave to amend is "particularly broad." *Ecological Rts. Found. v. Pac. Gas. and Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (citation omitted). Indeed, *Foman v. Davis*, 371 U.S. 178, 182 (1962), recognizes this discretion by carving out an exception to the liberal amendment policy based on a party's "repeated failure to cure deficiencies by amendments previously allowed." Not only did the district court previously grant Parsittie leave to amend, it provided the blueprint for such amendment and warned Parsittie that further amendment would not be allowed. Parsittie was not blindsided by the dismissal, nor did he demonstrate to the district court that further amendment would cure the deficiency. I would affirm the district court's dismissal of the class definition. I concur in all other respects.