
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN VOGEL,

    Plaintiff-Appellant,

    v.

LA AMAPOLA, INC., doing
business as Tortas Bravas; CMG
ENTERPRISES, LLC,

    Defendants-Appellees.

No. 16-56502

D.C. No. 2:16-cv-03327-R-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 15, 2018**
San Francisco, California

Before: FERNANDEZ, McKEOWN, and FUENTES,*** Circuit Judges.

Martin Vogel appeals the district court's dismissal, without leave to amend,

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

of his complaint for a violation of the Americans with Disabilities Act[1] and related California statutes[2] by La Amapola, Inc. and CMG Enterprises, LLC (hereafter collectively "La Amapola"). We reverse and remand.

In his opposition to the motion to dismiss, Vogel asked for leave to amend the complaint in the event that the district court granted the motion. However, the district court did not specifically address that request when it granted La Amapola's motion to dismiss with prejudice.

Because the district court granted La Amapola's motion, and did not address Vogel's request to amend, and because the docket entry by the clerk shows that the case was thereupon terminated, we deem the district court's order final and appealable. *See Cooper v. Ramos*, 704 F.3d 772, 776–77 (9th Cir. 2012); *cf. WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

Because the district court's order amounted to an outright refusal to grant leave to amend without any specific analysis, statement of reasons, or addressing

---

[1]Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213.

[2]*See* Cal. Civ. Code §§ 51(b), 54.1(a)(1); Cal. Health & Safety Code § 19955(a); Cal. Gov't Code § 4450(a).

of the factors that should be considered,[3] it abused its discretion.[4]

Moreover, the record does not make it apparent that Vogel acted in bad faith,[5] or that amendment of the complaint would be futile,[6] or, for that matter, that La Amapola would suffer prejudice beyond the usual disruptions (financially and otherwise) imposed upon one who is involved in any legal action.[7] In short, the district court should have given Vogel an opportunity to amend his complaint. *See Ala. Legislative Black Caucus v. Alabama*, __ U.S. __, __, 135 S. Ct. 1257, 1269, 191 L. Ed. 2d 314 (2015); *Warth v. Seldin*, 422 U.S. 490, 501–02, 95 S. Ct. 2197, 2206–07, 45 L. Ed. 2d 343 (1975). We express no view about whether Vogel can successfully do so.

REVERSED and REMANDED.

---

[3] *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[4] *See Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

[5] *See, e.g., United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

[6] *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135–36, 1137–38 (9th Cir. 2002).

[7] *See United Healthcare*, 848 F.3d at 1184; *Sonoma Cty. Ass'n*, 708 F.3d at 1118.