NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. L., by and through her guardian, I. Lee, | No.   18-16669 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00358-AWI-SKO |
| v. | |
| CLOVIS UNIFIED SCHOOL DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted February 11, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,**
District Judge.

Appellant A.L. and her guardian appeal the district court's dismissal of

claims brought under the Americans with Disabilities Act and the Rehabilitation

Act for failure to exhaust administrative remedies as required by the Individuals

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

with Disabilities Education Act ("IDEA"). We have jurisdiction pursuant to 18 U.S.C. § 1291. We review de novo both a district court's application of IDEA's exhaustion requirement and its grant of a motion to dismiss for the failure to state a claim. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1149 (9th Cir. 2019). We affirm.

When the gravamen of a complaint is a request for relief for the denial of a free and appropriate education ("FAPE"), a substantive right created by IDEA, plaintiffs must exhaust IDEA administrative remedies before suing in federal court. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). Counts I and II (the federal-law claims) of Appellants' Second Amended Complaint request injunctive relief requiring the school district to limit A.L.'s segregation from the school's general population and to change its policy of prohibiting aides from communicating with parents. As the district court noted, integration into general population classes and communication between a school and parents are topics typically discussed when crafting a FAPE. Application of *Fry*'s clues indicate that Appellants' claims could only be brought in the context of a school setting. The district court correctly concluded that the gravamen of Counts I and II is a request for relief for the denial of a FAPE. *See Fry*, 137 S. Ct. at 756, 758.

Appellants did not exhaust IDEA remedies because they settled their IDEA

claims without receiving an administrative decision on the merits.  *See Paul G. by and through Steve G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1098 (9th Cir. 2019).  Because Appellants' decision to settle in lieu of pursuing IDEA administrative remedies was "clear from the face of the complaint," dismissal under Rule 12(b)(6) was proper.  *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

**AFFIRMED.**