NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

K.D., a minor, by and through her guardian ad litem, Leila Carrera,

Plaintiff-Appellant,

v.

LOS ANGELES UNIFIED SCHOOL DISTRICT,

Defendant-Appellee.

No.    19-56192

D.C. No.
2:19-cv-02032 PA (Ex)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 12, 2020[**]
Pasadena, California

Before:  CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

K.D., a minor, by and though her guardian ad litem, appeals the district

court's dismissal of her action under the Individuals with Disabilities Education

Act ("IDEA") against the Los Angeles Unified School District ("LAUSD").  The

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court concluded that K.D. failed to exhaust the administrative process required by the IDEA because her claim effectively alleged denial of a free and appropriate public education ("FAPE"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

K.D. is a minor with a genetic disorder (Prader-Willi Syndrome) that produces, among other disabilities, intellectual and speech delays and a sense of hunger that cannot be sated. K.D. alleges that, over the course of her education, the LAUSD never provided teachers and staff with training related to Prader-Willi Syndrome, did not conduct an Assistive Technology/Augmentative and Alternative Communication ("AT/AAC") assessment of K.D., did not include important specialists in K.D.'s periodic IEP meetings, and denied K.D.'s mother's request for a one-on-one aid or the assistance of a behavioral therapist. As a result of the LAUSD's alleged failures, K.D. claims to have suffered a denial of meaningful access to the benefits of a public education, loss of equal educational opportunity, humiliation, hardship, anxiety, depression, and a physical injury. K.D. requested a due process hearing under the IDEA to raise her claims, but before the hearing was held, K.D. and the LAUSD entered into a settlement agreement. Subsequently, K.D. filed this suit.

We apply *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), to determine when claims fall under the exhaustion requirement of the IDEA. There,

the Supreme Court explained that "§ 1415(*l*)'s exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education," *id*. at 754, which hinged on two questions: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school" and (2) "could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Id*. at 756. The Supreme Court concluded that "when the answer [to those questions] is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so." *Id.*

Here, K.D.'s claims could only be brought by a student, and only against a school, because they are based on an alleged failure to assess her needs as a student and provide appropriate education to meet those needs. Accordingly, the district court properly held that K.D. had to exhaust her IDEA remedies before seeking judicial relief. This determination is further supported by the fact that K.D. initiated the IDEA's process before filing her lawsuit. *See id*.

K.D. also argues that exhaustion would be futile because she seeks monetary damages—which are not available under the IDEA administrative process. We rejected this argument in *Paul G. v. Monterey Peninsula Unified School District*, 933 F.3d 1096 (9th. Cir. 2019), where, as here, the damages sought were based on an alleged failure to provide a FAPE.

We also held that the administrative process should have the first

3

opportunity to determine if a failure occurred, notwithstanding plaintiff's request for monetary damages. *Id.* at 1102. Similar to *Paul G.*, K.D. settled with the LAUSD without receiving a determination of her administrative claims. Settling a case without receiving an administrative ruling does not satisfy the IDEA's exhaustion requirement. *Paul G.*, 933 F.3d at 1098 ("Plaintiffs failed to exhaust because they settled their IDEA case without receiving an administrative decision . . . ."). Therefore, we hold that K.D. failed to administratively exhaust her claims below.

"The exhaustion requirement is intended to prevent courts from acting as ersatz school administrators and making what should be expert determinations about the best way to educate disabled students." *Payne v. Peninsula Sch. Dist.* 653 F.3d 863, 876 (9th Cir. 2011) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). That concern is particularly apropos here, where liability turns on whether K.D. should have been assessed for possible communication accommodations, and what form those accommodations should have taken. K.D.'s claims are best handled by school administrators—not this court.

The district court correctly held that the gravamen of K.D.'s claims relate to her FAPE and that she was therefore required to exhaust the IDEA's administrative remedies. K.D.'s request for monetary damages does not excuse her from

4

exhausting those administrative remedies, and K.D.'s settlement with the LAUSD does not constitute exhaustion of those administrative remedies. The district court's dismissal of K.D.'s action is **AFFIRMED**.