NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.F., a minor, by and through Guardians Ad Litem Aron Feiles and Alexandra Feiles, individually on and on behalf of the proposed class,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, a government entity,<br><br>            Defendant-Appellee. | No.    20-55376<br><br>D.C. No. 3:19-cv-02495-CAB-LL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted December 11, 2020**
Pasadena, California

Before:  GOULD and R. NELSON, Circuit Judges, and COGAN***, District Judge.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  *** The Honorable Brian M. Cogan, United States District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Student J.F. appeals the district court's dismissal without leave to amend his First Amended Complaint ("FAC") in a class action under the Individuals with Disabilities Education Act ("IDEA") against San Diego Unified School District ("SDU").  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand with instructions to grant J.F. leave to amend.

1.  The district court properly dismissed the action because J.F. should have first exhausted the administrative process.  "Judicial review under the IDEA is ordinarily available only after the plaintiff exhausts administrative remedies." *Doe ex rel. Brockhuis v. Ariz. Dep't of Educ.*, 111 F.3d 678, 680–81 (9th Cir. 1997); *see* 20 U.S.C. § 1415(l).  But exhaustion can be excused where (1) using "the administrative process would be futile," or (2) "it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g. the hearing officer lacks the authority to grant the relief sought)." *See Paul G. ex rel. Steve G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1100 (9th Cir. 2019) (internal quotation marks and citation omitted).

Here, the inadequacy and futility exceptions to IDEA's exhaustion requirement do not apply to J.F.'s failure to exhaust administrative remedies.  Specifically, exhaustion was not inadequate because J.F.'s claims are not systemic. *Doe*, 111 F.3d at 682.  Rather, J.F. seeks relief only as to one component of SDU's special education program—the provision of one-to-one aides—for only some

periods of time. *See Paul G.*, 933 F.3d at 1102. And the 2017 examples that J.F.

alleges support a finding of futility have no real connection to SDU's alleged

failure, beginning in 2018, to provide aides in accordance with J.F. and the class'

individualized education plans.[1] Thus, even taking the factual allegations in J.F.'s

complaint as true, *Hoeft v. Tuscon Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th

Cir. 1992), exhaustion would not be futile because SDU could comply with an

administrative order to provide the one-to-one aides. Requiring J.F. to exhaust

would also serve exhaustion's purposes by giving SDU the "opportunity to

correct" the aide problem before the issue is brought to federal court. *Id.* at 1303.

2. The district court abused its discretion in denying leave to amend. The

"denial of an opportunity to amend is within the discretion of the District Court,

but outright refusal to grant the leave without any justifying reason appearing for

the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules." *Sharkey v. O'Neal*, 778 F.3d

767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

And "where the record does not clearly dictate the district court's denial, we have

---

[1] Similarly, J.F.'s allegations of staff and budget concerns are a far cry from the
budget concerns in *Kerr Center Parents Ass'n v. Charles*, 897 F.2d 1463 (9th Cir.
1990) that made exhaustion futile. In *Kerr*, the school district specifically denied
plaintiffs' requested due process hearing and said it would not provide the funds
necessary for plaintiffs' education. *Id.* at 1470. In contrast, J.F. alleges
generalized funding problems reported by old news articles that have little
connection to his claims and are thus insufficient to render the administrative
process futile.

been unwilling to affirm absent written findings, and have reversed findings that were merely conclusory." *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983) (internal citations omitted).

When dismissing J.F.'s FAC without leave to amend, the district court recited the relevant standard, but did not actually apply that standard or give any reason for denying leave to amend. Instead, it merely concluded, "Plaintiff's FAC is DISMISSED without leave to amend." Moreover, the record does not clearly dictate denying leave to amend on futility grounds because J.F. could have alleged new facts excusing the exhaustion requirement. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The district court did not appear to know about or inquire into J.F.'s reasons for requesting leave to amend. But J.F. alleges he could have truthfully added an allegation that other students tried to file administrative complaints on the aide issue, but SDU told them, through their attorneys, something to the effect of "please stop filing; we know we don't have aides, and we can't do anything about it." This new allegation does not contradict J.F.'s pleadings. *See id.* And importantly, it bears on whether J.F.'s claims are systemic by hinting at the inadequacy of the IDEA's dispute resolution procedure. *See Doe*, 111 F.3d at 682–83. Because J.F. might have added allegations with the potential to excuse exhaustion, amendment was not futile as a matter of law and the district court's lack of written findings was an abuse of discretion. *See*

4

*Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  J.F. is therefore entitled to leave to amend.

**AFFIRMED in part, REVERSED in part, and REMANDED.**