Filed 8/29/22  Rotter v. Feng CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAM ROTTER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TIAN FENG, as President of the California Architects Board,<br><br>    Defendant and Respondent. | 2d Civil No. B313628<br>(Super. Ct. No. 56-2021-00549228-CU-MC-VTA)<br>(Ventura County) |

Appellant Sam Rotter was a licensed architect.  He claims that, in violation of the Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. § 12101 et seq.), the California Architects Board (CAB) failed to accommodate his attention-deficit/hyperactivity disorder (ADHD) during architect licensing examinations he took in 2002.

Appellant eventually passed the examination, but in 2004 the CAB revoked his license.  He contends that the CAB unlawfully published personal information about his license revocation on its website in violation of the Information Practices

Act of 1977 (IPA, Civ. Code, § 1798 et seq.). In addition, he claims that the CAB violated the California Public Records Act (CPRA, Gov. Code, § 6250, et seq.) and the Fair Employment and Housing Act (FEHA, Gov. Code § 12900 et seq.).

Appellant appeals in propria persona from the judgment of dismissal entered after the trial court had sustained, without leave to amend, the CAB's demurrer to his first amended complaint.[1] We reverse the judgment of dismissal. We remand the matter to the trial court with directions to sustain, without leave to amend, the demurrer to all causes of action except the cause of action for violation of the CPRA.

## Standard of Review

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of

---

[1] The CAB states it was erroneously sued as "Tian Feng, in his official capacity as Board President of C.A.B." The CAB maintains it should have been sued as the "State of California, acting by and through the California Architects Board."

2

contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.)

"The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Community Assoc., Inc.* (2009) 173 Cal.App.4th 1024, 1031 (*Martin*).)

When, as here, "a demurrer has been sustained without leave to amend, unless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory. [Citations.] If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the plaintiff . . . to demonstrate the manner in which the complaint might be amended." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

*Appellant's First Amended Complaint*

Appellant's original complaint was filed in January 2021. Appellant's first amended complaint, filed in March 2021, consists of three causes of action. Appellant sought various forms of relief, including damages of $4,445,900.

Appellant attached numerous exhibits to the first amended complaint. We refer to these exhibits in our discussion of the causes of action. "'[T]o the extent the [complaint's] factual allegations conflict with the content of the exhibits to the complaint, we rely on and accept as true the contents of the

3

exhibits.'" (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 665.)

*First Cause of Action*

The first cause of action alleges violations of the ADA. The violations are based on the CAB's failure to accommodate appellant's ADHD during architect licensing examinations he took in 2002.

The statute of limitations for a violation of the ADA is three years. (*Sharkey v. O'Neal* (9th Cir. 2015) 778 F.3d 767, 768, 773.) The trial court concluded that the first cause of action is time-barred because the ADA violations occurred in 2002, and the complaint was not filed until January 2021. The court noted that appellant had "complained of the ADA violations in 2002." In March 2002 appellant wrote letters of complaint to the CAB and the Civil Rights Division of the United States Department of Justice. (Exhibits 1a, 7.)

Appellant has not presented any cogent argument, supported by legal analysis, explaining why he had not timely filed his complaint within the three-year statutory period. Accordingly, he has not overcome the presumption that the trial court's ruling is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].)

*Second Cause of Action*

The second cause of action actually consists of two separate causes of action: one for a violation of Civil Code section 1798.24 of the IPA and the other for a violation of Government Code section 6253 of the CPRA. The cause of action is entitled:

4

"**Second Cause of Action – VIOLATION OF CIV § 1798.24 and GOV § 6253**."

Violation of Civil Code section 1798.24

The second cause of action alleges that the CAB violated Civil Code section 1798.24 of the IPA because it "published [on its website] a derogatory unchallenged set of allegations" about the 2004 revocation of appellant's architect license.  The IPA "'generally imposes limitations on the right of governmental agencies to disclose personal information about an individual. . . .'" (*Bates v. Franchise Tax Bd.* (2004) 124 Cal.App.4th 367, 373.)  Civil Code "section 1798.45 provides a private right of action against a state agency for violation of provisions of the IPA . . . ." (*Id.* at p. 381.)

The offending publication on the CAB's website said, and still says today:  "Effective July 23, 2004, [appellant's] architect license, number C-29196, was revoked, after the [CAB] adopted a Proposed Decision.  An Accusation was filed against Rotter for violations of Business and Professions Code sections 5536.22 (Written Contract), 5583 (Fraud in the Practice of Architecture), and 5584 (Willful Misconduct).  The Accusation was based on evidence that [appellant] and his brother were potential buyers of a residence (property).  [Appellant], without consulting or contracting with the owner of the property for any architectural services, chose to perform site analysis and feasibility studies in anticipation of purchasing the property.  The owner canceled escrow.  [Appellant] felt that the owner 'breached' her agreement with them to purchase the property and used his architectural license to file a Mechanic's Lien against the owner in the amount of $56,283.72 for architectural design drawings.  This caused the owner financial harm by encumbering her property and

preventing her from selling it." (Exhibit 8; see <https://www.cab.ca.gov/consumers/enforcement_actions/r.shtml# citations> [as of June 13, 2022], archived at <https://perma.cc/2BFA-5ZGS>.

Appellant claims that the website publication violated Civil Code section 1798.24, subdivision (b), which provides: "An agency shall not disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains unless the information is disclosed, as follows: . . . With the prior written voluntary consent of the individual to whom the information pertains . . . ."

Appellant allegedly did not learn of the website publication until February 7, 2020, when a prospective employer brought it to his "attention during a job interview." Appellant asserts that the website publication "did injury to not only this job interview but . . . many years of [his] deterred [*sic*] architectural job searches."

The trial court ruled: "The gravamen of [the alleged violation of Civil Code section 1798.24] concerns [appellant's] learning in February, 2020, that CAB published negative information about [his] license status on its public website. The [first amended complaint] contains allegations which indicate [he] *was aware of this publication by CAB of negative information as early as 2008*. The limitations period for actions filed under this statute is two years. (Civ. Code, § 1798.49.) . . . The action is [therefore] time-barred." (Italics added.)

In his appellate briefs appellant argues: Until 2020, "he had no knowledge of a World Wide Web publication that published prohibited material to the entire planet." In a September 15, 2008 letter to the State Auditor, he complained

6

about the unlawful disclosure of his personal information in a "CAB architectural newsletter [(the newsletter)] . . . that is received by the subscription of less than 1000 California licensed architects . . . ."[2] "[I]t should be emphasized that the newsletter article happened just once." "[T]here is a large difference between releasing prohibited information to a discreet body of licensed California architects and the world at large through the World Wide Web." Appellant argues that the running of the two-year statute of limitations was delayed until his 2020 discovery of the internet publication. For the reasons discussed below, we need not decide this issue.

The CAB contends that, irrespective of the statute of limitations, it is "immune from suit with respect to its licensing activities." Appellant cites Government Code section 818.4, which provides, "A public entity is not liable for an injury caused by the . . . revocation of . . . any . . . license . . . where the public entity . . . is authorized by enactment to determine whether or not such [license] should be . . . revoked." But in the cause of action for a violation of Civil Code section 1798.24, appellant is not suing the CAB for an injury caused by the revocation of his license. He is suing the CAB for disclosing on its website

_____

[2] To prove that this newsletter exists, appellant moved to augment the record to include the front page of issue 1 of the 2015 edition of the newsletter. The motion is denied because appellant has not shown that this issue of the newsletter was "filed or lodged in the case in superior court." (Cal. Rules of Court, rule 8.155(a)(1)(A).) In support of his motion to augment, appellant declared under penalty of perjury, "I received a copy of the Newsletter from CAB in the summer of the 2004 in which I read the offending mendacious account of their so called "enforcement action" against the plaintiff."

personal information about his license revocation in violation of section 1798.24. Appellant wants that information removed from the website. In his opening brief appellant "prays the court immediately order the CAB to eradicate the offending publication . . . ."

The CAB claims it was required to disclose to the public the information that it published on its website. Therefore, the cause of action for a violation of Civil Code section 1798.24 is barred. The CAB relies on section 137 of Title 16 of the California Code of Regulations (section 137). But section 137 did not require the CAB to publish this information on its website. Section 137, subdivision (a) required the CAB to disclose the information "to members of the public, *upon request*, by telephone, in person, or in writing (including fax or email)." (*Ibid.*, italics added.)

Business and Professions Code section 27, which is not cited by the CAB, requires it to disclose the information published on its website. The statute expressly applies to the CAB. (*Id.*, subd. (c)(9).) Section 27, subdivision (a) provides that the CAB "shall provide on the internet information regarding the status of every license issued by that entity in accordance with the California Public Records Act [citation] and the Information Practices Act of 1977 [citation]. The public information to be provided on the internet shall include information on suspensions and revocations of licenses issued by the entity and other related enforcement action, including accusations filed pursuant to the Administrative Procedure Act [citation] taken by the entity relative to persons, businesses, or facilities subject to licensure or regulation by the entity. The information may not include personal information, including home telephone number, date of birth, or social security number." Since section 27 required the

CAB to disclose the information on its website, the trial court did not err in sustaining, without leave to amend, the demurrer to the cause of action for violation of the IPA.

The CAB's failure to cite Business and Professions Code section 27 does not require us to allow the parties to submit supplemental briefing on the statute's applicability. Government Code section 68081 provides, "Before . . . a court of appeal . . . renders a decision in a proceeding . . . based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing." In its brief the CAB raised the issue of whether it was required to disclose to the public the information about the revocation of appellant's license. "Government Code section 68081 does *not* give the parties a right to submit supplemental briefs when an appellate court relies upon authority that was not briefed by the parties: 'The parties need only have been given an opportunity to brief *the issue decided by the court*, and the fact that a party does not address an issue, mode of analysis, *or authority* that is raised or fairly included within the issues raised does not implicate the protections of section 68081.' (*People v. Alice* (2007) 41 Cal.4th 668, 679, . . . italics added.)" (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 487, fn. 6.)

<u>Violation of Government Code section 6253</u>

The second cause of action alleges that the CAB violated Government Code section 6253 of the CPRA. Section 6253, subdivision (b) provides: "Except with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records

9

promptly available to any person upon payment of fees covering direct costs of duplication, or a statutory fee if applicable."

The "CPRA establishes a basic rule requiring disclosure of public records upon request. ([Gov. Code] § 6253.) In general, it creates 'a presumptive right of access to any record *created or maintained* by a public agency that relates in any way to the business of the public agency.' [Citation.] Every such record 'must be disclosed unless a statutory exception is shown.'" (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616, fn. omitted (*City of San Jose*).)

The alleged violation of the CPRA is based on the CAB's refusal to grant two requests for disclosure. Appellant's first request was made in a March 20, 2020 letter to the CAB. Appellant asked it to "provide all the contents of the file upon which [his] personal information [published on the CAB's internet site] is based . . . as well as all sources which contributed to the contents of this publication." (Exhibit 10.)[3] Appellant claimed that "[t]he statutory response [to the request] was never obeyed," i.e., the CAB did not provide the requested records.

_____

[3] The full text of the letter is as follows: "It has come to my attention that you have published on internet site (https://www.cab.ca.gov/consumers/license_search.shtml) personal information which I allege is without my consent, is inaccurate and requires review as well as correction. Please provide all the contents of the file upon which this personal information is based and/or related to as well as all sources which contributed to the contents of this publication. This request is pursuant to CIV [Civil Code] § 1798.18 through 1798.45." Although appellant did not cite the CPRA in his letter, nothing in the CPRA requires such a specific citation. (See Gov. Code, § 6253, subd. (b).) The CAB does not claim that the March 20, 2020 request was deficient for not citing the CPRA.

During appellate oral argument (oral argument), the CAB's counsel said the request is "still pending as far as I know." The CAB does not contend that the records described in the March 20, 2020 letter failed to comply with the requirement that the request "reasonably describe[] an identifiable record or records . . . ." (Gov. Code, § 6253, subd. (b).)

The second request for disclosure was allegedly made in "a 'Demand' letter" that appellant "served" on the CAB on June 3, 2020. The letter "requir[ed] compliance with . . . GOV § 6253." The record does not include a copy of the " 'Demand' letter."

The trial court ruled: "The Court rejects CAB's argument that this claim [for violation of the CPRA] is time-barred. The claim arose with the demand [appellant] made to CAB on March 20, 2020, within three years of the filing of the Complaint. The real issue here is that violation of the Public Records Act does not create a private right of action. There simply is no legal basis for this claim."

The Legislature has not authorized an action for monetary damages for violation of the CPRA. But this does not mean that there is no private right of action for such a violation. The remedy is set forth in Government Code section 6258: "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter."[4]

---

[4] "When it is alleged that public records have been improperly withheld, [Government Code] section 6259, subdivision (a) directs that 'the court shall order the officer or person charged with withholding the records' to disclose the records or show cause why they should not be produced. If the

In his prayer for relief, appellant did not seek injunctive, declaratory, or mandamus relief on the CPRA cause of action. But as to all causes of action, he sought "such other and further relief, including declaratory relief, as the Jury may deem proper."

For purposes of the CAB's demurrer, it does not matter whether appellant requested the specific relief authorized by Government Code section 6258. He still stated a cause of action for violation of the Public Records Act. "'In determining whether or not the complaint is sufficient, as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although . . . the plaintiff may demand relief to which he is not entitled under the facts alleged.' [Citation.] In other words, 'plaintiff need only plead facts showing that he may be entitled to some relief [citation].'" (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group, June 2021 update) ¶ 7:42.1 ["A general demurrer challenges only the sufficiency of the *cause of action* pleaded, and must be overruled if *any* valid cause of action is pleaded; a demand for improper relief does not vitiate an otherwise valid cause of action"].)

---

court concludes 'the public official's decision to refuse disclosure is not justified,' it can order 'the public official to make the record public.' (§ 6259, subd. (b).) If the court finds 'that the public official was justified in refusing' disclosure, it must 'return the item to the public official without disclosing its content.' (*Ibid*.)" (*City of San Jose, supra,* 2 Cal.5th at p. 622.)

At oral argument counsel for the CAB asserted that a complaint for violation of the CPRA "would require the filing of a government claim with the Department of General Services, and that was not done." "'"The Government Claims Act ([Gov. Code,] § 810 et seq.) 'establishes certain conditions precedent to the filing of a lawsuit against a public entity. . . . [A] plaintiff must timely [present] a claim for money or damages [to] the public entity. ([*Id.*,] § 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity. ([*Id.*,] § 945.4.) . . . .'"'" (*Coble v. Ventura County Health Care Agency* (2021) 73 Cal.App.5th 417, 421.) Since appellant could not obtain an award of money or damages for the alleged violation of the CPRA, the Government Claims Act is inapplicable to this cause of action.

The CAB claims that appellant's cause of action for violation of the CPRA is time-barred by "the three-year limitation period applicable to a statutory violation. (Code of Civ. Proc., § 338, subd. (a).)." The CAB notes that, in his September 15, 2008 letter to the State Auditor, appellant said, "I have requested [from the CAB] a copy of all public and secret meeting information in order to shed light on all aspects of this matter. The CAB's refusal letter will be enclosed with this submission." The CAB maintains that the three-year statute of limitations started to run no later than September 15, 2008, when appellant wrote the letter to the State Auditor.

"There is no statute of limitations for an action under the [C]PRA. Arguably, the three-year limit of [Code of Civil Procedure] § 338 for statutory causes of action would apply, but wrongfully withholding a public record would be claimed to be a continuing violation. The action would be subject to equitable defenses such as laches . . . ." (Asimow et al., Cal. Practice Guide:

13

Administrative Law (The Rutter Group, Nov. 2021 update) ¶29:1030.)

We need not determine whether the three-year limitation period of Code of Civil Procedure section 338 applies to violations of the CPRA. If it did apply, it would not bar appellant from seeking to judicially enforce his 2020 records request even if we accept the CAB's contention at oral argument that the renewal of a prior request for records does not start the running of a new three-year period. The 2020 request was not a renewal of the 2008 request because the records sought in 2020 were different from those sought in 2008. In his September 15, 2008 letter to the State Auditor, appellant said he had requested from the CAB "a copy of all public and secret *meeting* information." (Italics added.) At oral argument, appellant explained that the 2008 letter referred to a request for information about the CAB's "discussions behind closed doors" as to why it had decided to deny his application to reinstate his license. He wanted information as to the CAB's "decision-making process" on this matter. In contrast, his 2020 request was for "all the contents of the file upon which [his] personal information [published on the CAB's internet site] is based . . . as well as all sources which contributed to the contents of this publication." (Exhibit 10.) Thus, the three-year limitation period began to run from the date of the 2020 request, and the cause of action for violation of the CPRA was timely filed in 2021.

The CAB argues, "To the extent [appellant] is seeking non-public notes or communications of the CAB members, the [C]PRA contains numerous exemptions that apply. (See Gov. Code § 6254.)" The CAB does not specify which exemptions apply. Nor does it explain why they apply with supporting citations to

authority and facts in the record.  Consequently, its argument is forfeited.  "[A] brief must contain "'meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error'" and contain adequate record citations, or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis."'"  (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.)

Accordingly, the trial court erroneously sustained the CAB's demurrer to the cause of action for violation of the CPRA.

*Third Cause of Action*

The third cause of action states that the CAB denied appellant "an architecture license due to an ADHD disability" in violation of the FEHA.  The trial court ruled:  "This [cause of action] is time-barred."

A person "who wishes to file suit under the FEHA 'must exhaust the administrative remedy provided by the statute by filing a complaint with the' DFEH [Department of Fair Employment and Housing], 'and must obtain from the [DFEH] a notice of right to sue.'  [Citation.]  'The timely filing of an administrative complaint' before the DFEH 'is a prerequisite to the bringing of a civil action for damages.'"  (*Pollock v. Tri-Modal Distribution Service, Inc.* (2021) 11 Cal.5th 918, 931.)  The maximum time allowed for filing a complaint with the DFEH is three years from the date that the unlawful practice occurred.  (Gov. Code, § 12960, subds. (e)(3), (e)(5).)  "This requirement is '[t]he statute of limitations for FEHA actions.' " (*Pollock*, *supra*, at p. 931.)

In his opening brief appellant acknowledges that he did not file a complaint with the DFEH until May 2020.  The unlawful practice occurred 18 years earlier in 2002 when the CAB

15

allegedly failed to accommodate appellant's ADHD during its administration of architect licensing examinations. Therefore, appellant's third cause of action is time-barred under the three-year statute of limitations for FEHA actions.

The third cause of action claims that the three-year statute of limitations was tolled by the CAB's "'fraudulent concealment'" of its unlawful practice. But as we have previously explained, appellant was aware of the unlawful practice in 2002. (See *ante*, at p. 4.) Thus, the trial court did not err in sustaining, without leave to amend, the CAB's demurrer to the third cause of action.

*Disposition*

The judgment dismissing appellant's first amended complaint is reversed. The matter is remanded to the trial court with directions to sustain, without leave to amend, the demurrer to all causes of action except the cause of action for violation of the CPRA. The trial court is directed to overrule the demurrer to that cause of action. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.                    PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Sam Rotter, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Danielle F. O'Bannon, Senior Assistant Attorney General, Elizabeth S. Angres, Supervising Deputy Attorney General, Thomas M. McMahon, Deputy Attorney General, for Defendant and Respondent.